**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| DAVID RYAN BOSTIC, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 1:14-cv-0240-JMS-TAB |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**Entry on Motion for Reconsideration**

Judgment dismissing this action was entered on the docket on December 8, 2015, when the Court denied the petitioner's motion for relief pursuant to 28 U.S.C. § 2255. On January 11, 2016, the petitioner filed a motion for reconsideration pursuant to Rule 59(e) of the *Federal Rules of Civil Procedure.* His post-judgment motion was signed and placed in the prison mail system on January 4, 2016, so it was timely filed.

"A motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) may be used to draw the district court's attention to a manifest error of law or fact or to newly discovered evidence." *United States v. Resnick,* 594 F.3d 562, 568 (7th Cir. 2010). The petitioner challenges the Court's denial of every claim presented in his § 2255 motion. He argues that the Court overlooked facts relating to each one of his claims.

First, Mr. Bostic argues that the government and the Court failed to address his claim that his attorney failed to argue that he was charged based on multiple copies of the same images. The fact that copies of some of the sexually explicit images were found in more than one location on his computer does not lead to a conclusion that duplicative evidence was used in an improper way. Moreover, the same images support different charges of distribution and possession in the indictment. The indictment identifies more than 200 different images that depicted sexual

exploitation of children. Mr. Bostic pled guilty to sexual exploitation of five (5) young children (on 36 different occasions), knowingly possessing and distributing child pornography, and conspiring with others in all of these offenses. The record shows that Mr. Bostic maintained hundreds and hundreds of child pornography images, including images of sadistic and masochistic abuse of children and images that he created himself and obtained from other sources. Mr. Bostic's attempt to lessen the seriousness of his conduct by suggesting that his attorney should have argued that some of the images were duplicative fails in every respect.

Mr. Bostic next argues that the Court erroneously treated his Fourth Amendment claim as a "stand alone" claim. Because Mr. Bostic admittedly did "commingle" his discussions of his various claims, the Court tried to address his claims as broadly as possible. Contrary to his characterization of the Court's analysis, his ineffective assistance of counsel claim that counsel failed to investigate Fourth Amendment violations was also discussed. The Court found that claim baseless because Mr. Bostic admitted the facts underlying the charges. He has shown no error in that regard.

Mr. Bostic also contends that the Court simply believed his attorney over him with regard to the potential sentence he faced. He argues that he relied on "counsel's loyalty to receive no more than 30-40 years." The Court need not repeat its entire discussion of this claim. As stated in its denial of the § 2255 motion, Mr. Bostic cannot now claim that he perjured himself at the change of plea hearing when he responded to the Court's numerous questions regarding his understanding of the terms of the plea agreement and the possible sentencing range.

 Finally, Mr. Bostic has shown no Eighth Amendment violation in sentencing him to 315 years. The sentence fell within the guidelines range and the Court provided a detailed explanation for why the punishment was imposed.

Mr. Bostic's continued challenge to the Court's jurisdiction for lack of interstate commerce is frivolous and does not warrant more words here. Similarly, Mr. Bostic's contention that his claims should have been allowed to be tested on appeal ignores the *Anders* process to which his claims were subjected. His belief that all of his claims are meritorious is not sufficient to support a constitutional violation.

The Court does concede that there was a typographical error in the Conclusion on page 14 of the Entry Denying Motion for Relief (docket 32). The word "Shea" should be replaced with the word "Bostic."

In all other respects, for the reasons set forth above, Mr. Bostic's motion for reconsideration [dkt. 34] is **denied.**

**IT IS SO ORDERED.**

Date: <u>February 18, 2016</u>

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically registered counsel

David Ryan Bostic, #09828-028
USP Tucson
Inmate Mail/Parcels
P. O. Box 24550
Tucson, AZ  85734